UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALI SIMEON,

Petitioner,

v. Case No. 3:26-cv-2677-MMH-PDB

ACTING SECRETARY
MARKWAYNE MULLIN, et al.,

Respondents.

---

# ORDER

Petitioner Ali Simeon, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1) on October 2, 2026. See generally Petition. Simeon, a citizen of Haiti, was temporarily detained at the border and paroled into the United States on August 13, 2023. See id. at 1. On September 25, 2026, United States Immigration and Customs Enforcement (ICE) re-detained Simeon. Id. As relief, he seeks, inter alia, immediate release or, alternatively, a bond hearing. Id. at 17–18.

Simeon argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 12–15. The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border,

whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Simeon, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Simeon was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Simeon's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Simeon an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[2] If Respondents release

[1] Because the Court finds that Simeon is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[2] Simeon is not entitled to immediate release. See Portillo v. Gualtieri, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not

Simeon, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of October, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record

immediate release." (quoting Molina v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).